Reese, J.
delivered the opinion of the court.
Leonard P. Sims, the defendant in error, brought his action of assumpsit in the Circuit Court for Franklin county, jointly against Nathan Gillespie, the maker of a promissory note, and Thomas M. Fryer and Mark Hutchins, partners in trade, under the style and firm of J. M. Pryer & Co., as endorsers of said note, and filed his declaration in said Court against all of said parties. The defendant, Mark Hutchins, alone pleaded to the action, and upon his pleas, issue was joined: no judgment by default was taken against the other parties, or writ of en-quiry of damages awarded, or nolleprosequi entered, or other step as to them taken; nor is any further notice of them presented in the record. The issues between the plaintiff below and the defendant, M. Hutchins, were tried before a jury, and were found in favor of said plaintiff, and the Court pronounced a judgment thereon: from which the defendant Hutchins, has prosecuted his appeal in error to this court. And, here several questions in the cause, arising under the law merchant, and presented in the bill of exceptions, have been discussed. £ut.we are precluded, as we think, from any proper consideration and decision of them by the preliminary enquiry as to the regularity of the trial and judgment under the circumstances above set forth. We think it almost too clear for argument, that the judgment was erroneous. To hold the con *237 trary, would authorise the splitting up of any one lawsuit into as many separate and distinct suits as there might be defendants in the one joint action. One of the parties might, with the plaintiff, be litigating upon appeal in this court, as in this case, while the plaintiff and the other defendants continued their contest in the court below. And years hence, that latter litigation might, in the same manner, be brought up before us. This is against reason, and public policy, and confounds all one's ideas of a legal contestation. At this very term we ruled that one of several co-defendants, in chancery, could not, upon the over-ruling of his demurrer, bring his appeal to this court, leaving the other parties below to proceed with their share of the litigation. The 2d section of the act of 1820, ch. 25, and 1835, ch. 86, upon which perhaps the proceeding in this case was thought to be separated, bring the mind, when duly considered, to a different conclusion. They provide, contrary to the common law, that, in joint actions upon contracts, the discharge of one or more, , jointly sued shall not prevent a verdict and judgment from being rendered against him or them, who may be liable; and that where suit may be commenced against more than one defendant, the plaintiff may enter a nolle prosequi as to any one or more, and proceed against the others. Here was no discharge of the other defendants sued and declared against, by verdict or otherwise. Here w'as no nolle prosequi, to enable the plaintiff to proceed against Hutchins. He proceeded against him to verdict and judgment without any nolle prosequi. The only statutory modes furnished, by which to escape from the operation of the principles of the common law, were not resorted to. The judgment, therefore, was irregular and void, and must be reversed, and set aside.
The necessity of doing this is scarcely questioned here. But it has been contended, that the judgment alone is erroneous; that the verdict should stand, and no venire facias de novo be awarded. But we are unable to yield our assent to this distinction between the judgment and verdict. Because, without insisting, as we might, on the operation of the sections referred to upon this branch of the question, we remark, that the plaintiff below cannot be supposed to be in a better situation with his *238 verdict against Hutchins alone, than he would have been, if he had taken his judgment by default against Gillespie and Pryor, and had omitted to execute his writ' of inquiry of damages against them before the jury that tried Hutchins’ issues with him; in which case we apprehend his verdict would have been irregular. His omitting to take any judgment by default cannot place him in a better attitude. It is necessary at common law, and our statutes have made no change, to execute the writ of inquiry of damages before the jury trying the issue. See 3 Saunders, note 3, to the case of Dean and Chapter of Windsor vs. Gower. In that note the statement is made as follows:
“So where one defendant pleads to issue, and the other let judgment go against him by default, there the form is also to make an entry, to postpone the assessment of the damages on the judgment until the trial of the issue, and the award of the venire is as well to try the issue, as to inquire of the damages.” Thus: “But because it is unknown to the court here, what damages the said A. B. has sustained by reason thereof; and because it is also at present unknown to the court here, whether the said C. D. (the defendant who pleaded to the issue) will be convicted of the promises upon which the said issue is above joined between the said A. B. and the said C. D. or not. And because it is convenient and necessary that there be but one taxation of damage in this suit. Therefore let the giving of judgment in this behalf against the said E. F. (the defendant who let judgment go by default) be stayed until the trial or determination of the said issue above joined, between the said A. B. and C. D. and as well to try the said issue above joined between the said A. B. and C. D., as to inquire against the said E. F.” &c. And such in substance and effect, but with less precision and solemnity of form, has always been the practice of our own courts; and, indeed, must be, if we would avoid inextricable confusion and intreminable delay in the administration of justice against defendants in joint actions.
Let the judgment be reversed, and the verdict be set aside, and the cause be remanded to the court below, in order that such proceedings may be had, as will legally authorize said court to award a venire facias de novo.